**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JULI MARCONI, Individually and For Others Similarly Situated<br><br>v.<br><br>APFS LLC d/b/a ADDISON PROFESSIONAL FINANCIAL SEARCH | **Case No.** 1:23-cv-5464<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Juli Marconi (Marconi) brings this lawsuit to recover unpaid overtime wages and other damages from APFS LLC d/b/a Addison Professional Financial Search (Addison) under the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL).

2. Marconi worked for Addison as a Recruiter in Illinois.

3. Marconi and the Putative Class Members (as defined below) regularly worked more than 40 hours each week.

4. But Addison did not pay them overtime wages.

5. Instead of paying overtime wages, Addison uniformly misclassified Marconi and the Putative Class Members as exempt employees and paid them a salary with no overtime compensation.

6. Addison's uniform salary with no overtime pay scheme violates the FLSA and IMWL by depriving non-exempt employees (Marconi and the Putative Class Members) of overtime wages for all hours worked after 40 in a workweek.

**JURISDICTION & VENUE**

7. This Court has original subject matter jurisdiction because this case presents a federal question under the FLSA. 29 U.S.C. § 216(b); 28 U.S.C. § 1331.

8. The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367 because these claims arise from a common nucleus of operative facts.

9. The Court has general personal jurisdiction over Addison because Addison maintains its headquarters in Chicago, Illinois and, therefore, resides in Illinois.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because Addison maintains its headquarters in Chicago, Illinois, which is in this District and Division.

## PARTIES

11. Marconi was employed by Addison as a Recruiter in Schaumburg, Illinois from approximately August 2020 until March 2021.

12. Addison misclassified Marconi as exempt and paid her under its uniform salary with no overtime pay scheme.

13. Marconi's written consent is attached as **Exhibit 1**.

14. Marconi brings this action on behalf of herself and all other similarly situated Recruiters who were paid under Addison's illegal salary with no overtime pay scheme.

15. Addison misclassified each of these Recruiters as exempt and paid them a salary with no overtime wages for the hours they worked after 40 in a workweek.

16. The putative collective is properly defined as:

> **All Recruiters employed by Addison at any time during the past 3 years who were paid a salary and no overtime compensation (the "FLSA Recruiters").**

17. Marconi also seeks certification of such a class under the IMWL pursuant to FED. R. CIV. P. 23.

18. The putative class is properly defined as:

> **All Recruiters employed by Addison in Illinois at any time during the past 3 years who were paid a salary and no overtime compensation (the "Illinois Recruiters").**

19. Collectively, the FLSA Recruiters and Illinois Recruiters are referred to as the "Putative Class Members."

20. The Putative Class Members are easily ascertainable from Addison's business and personnel records.

21. Addison is a Delaware limited liability company that maintains its headquarters in Chicago, Illinois.

22. Addison may be served through its registered agent: **Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703**.

## COVERAGE UNDER THE FLSA

23. At all relevant times, Addison was an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

24. At all relevant times, Addison was an "enterprise" within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

25. At all relevant times, Addison was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

26. At all relevant times, Addison had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including but not limited to, mobile devices, document scanners, printers, telephones, and other goods or materials that have moved in, or were produced for, commerce.

27. Addison's annual gross volume of sales made or business done have far exceeded the minimum ($500,000.00) required for coverage under the FLSA during each of the last 3 years.

28. At all relevant times, the Putative Class Members were Addison's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

29. At all relevant times, the Putative Class Members were engaged in commerce or in the production of goods for commerce.

30. Addison uniformly misclassified the Putative Class Members as exempt and paid them a salary with no overtime wages.

31. As a result of Addison's illegal salary with no overtime pay scheme, Addison deprived non-exempt employees (Marconi and the Putative Class Members) of the overtime wages they are owed.

32. Addison's salary with no overtime pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

33. Addison offers staffing and recruiting services in "industry sectors [such as] information technology, finance and accounting, non-clinical healthcare, human resources, administrative, and digital marketing."[1]

34. To provide these services to its clients, Addison employs recruiting personnel, including the Putative Class Members, across the country, including in Illinois.

35. For example, Marconi worked for Addison as a Recruiter in Schaumburg, Illinois from approximately August 2020 until March 2021.

36. Throughout her employment, Addison classified Marconi as exempt and paid her a flat salary every week and failed to pay her overtime wages.

37. This is despite Marconi regularly working 45 to 50 hours per workweek.

---

[1] https://addisongroup.com/services/staffing-services/ (last visited August 11, 2023).

38. Addison paid Marconi and the Putative Class Members under its illegal salary with no overtime pay scheme.

39. Addison typically scheduled Marconi and the Putative Class Members for 9- to 10-hour shifts for 5 days a week.

40. And Marconi and the Putative Class Members worked approximately 50 to 65 hours in a typical workweek (far in excess of the 40-hour threshold for overtime).

41. Marconi's working relationship with Addison is similar to that of the Putative Class Members.

42. Marconi's work schedule is typical of the Putative Class Members.

43. Addison knew Marconi and the Putative Class Members regularly worked for at least 9 to 10 hours a day, for 5 days a week.

44. But Addison did not pay Marconi or the Putative Class Members overtime wages for their hours worked after 40 in any of those weeks.

45. Instead, Addison paid them a salary for all hours worked.

46. Despite misclassifying Marconi and the Putative Class Members as exempt, Marconi and the other Putative Class Members primarily perform non-exempt job duties.

47. The Putative Class Members' primary duties do not include supervising other Addison employees.

48. The Putative Class Members' primary duties are not management.

49. The Putative Class Members' primary duties do not require the exercise of independent judgment or discretion with respect to matters of significance.

50. Rather, the Putative Class Members' primary duties are routine and largely governed by standardized plans, procedures, and checklists created by Addison (and/or its clients).

51. Virtually every job function is predetermined by Addison (and/or its clients), including the candidates they recruit, the call scripts they use, the schedule of work, and related work duties.

52. As Addison Recruiters, Marconi's and the Putative Class Members' primary duties include sourcing candidates for open job positions with Addison's clients.

53. In sum, Marconi and the Putative Class Members are non-exempt employees and, therefore, entitled to overtime wages.

54. But Addison does not pay these non-exempt employees, including Marconi and the other Putative Class Members, overtime wages when they work more than 40 hours in a workweek.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

55. Marconi incorporates all other paragraphs by reference.

56. Marconi brings her claims as a class and collective action on behalf of herself and the Putative Class Members.

57. The Putative Class Members are uniformly victimized by Addison's exempt misclassification and salary with no overtime pay scheme, which is in willful violation of the FLSA and IMWL.

58. Other Putative Class Members worked with Marconi and indicated they were paid in the same manner, performed similar work, and were subject to Addison's same salary with no overtime pay scheme.

59. Based on her experience with Addison, Marconi is aware Addison's illegal practices were imposed on the Putative Class Members.

60. The Putative Class Members are similarly situated in all relevant respects.

61. Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

62. Rather, Addison's uniform salary with no overtime pay scheme renders Marconi and the other Putative Class Members similarly situated for the purposes of determining their right to overtime pay.

63. Addison's records reflect the number of hours worked each week by the Putative Class Members.

64. Addison's records also show the Putative Class Members were paid a salary with no overtime wages for their overtime hours.

65. The back wages owed to Marconi and the other Putative Class Members can be calculated using the same formula applied to the same records.

66. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Addison's records, and there is no detraction from the common nucleus of liability facts.

67. Therefore, the issue of damages does not preclude class or collective treatment.

68. Marconi's experiences are therefore typical of the experiences of the Putative Class Members.

69. Marconi has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

70. Like each Putative Class Member, Marconi has an interest in obtaining the unpaid wages owed under federal and/or state law.

71. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

72. Absent this class and collective action, many Putative Class Members will not obtain redress for their injuries, and Addison will reap the unjust benefits of violating the FLSA and IMWL.

73. Further, even if some of the Putative Class Members could afford individual litigation, it would be unduly burdensome to the judicial system.

74. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Putative Class Members' claims.

75. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

76. Among the common questions of law and fact are:

    a. Whether Addison misclassified Marconi and the Putative Class Members as exempt;

    b. Whether Marconi and the Putative Class Members were non-exempt from the FLSA's and/or IMWL's overtime provisions;

    c. Whether Addison's violations of the FLSA and IMWL resulted from a continuing course of conduct;

    d. Whether Addison's decision to classify Marconi and the Putative Class Members as exempt was made in good faith;

    e. Whether Addison's decision to pay Marconi and the Putative Class Members a salary without overtime was made in good faith; and

    f. Whether Addison's violation of the FLSA was willful.

77. Marconi knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

78. As part of its regular business practices, Addison intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and IMWL with respect to Marconi and the Putative Class Members.

79. Addison's illegal pay policy deprived Marconi and the Putative Class Members of the premium overtime wages they are owed under state and/or federal law.

80. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

81. Notice of this lawsuit should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

82. Those similarly situated workers are known to Addison, are readily identifiable, and can be located through Addison's business records.

### ADDISON'S FLSA VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA

83. Marconi incorporates all other paragraphs by reference.

84. Addison knew it was subject to the FLSA's overtime provisions.

85. Addison knew the FLSA required it to pay non-exempt employees, including the FLSA Recruiters, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

86. Addison knew each FLSA Recruiter worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed because it expected and required these workers to do so.

87. Addison knew it paid the FLSA Recruiters a salary with no overtime pay.

88. Addison knew the FLSA Recruiters' primary duties do not include supervising any Addison employees.

89. Addison knew Marconi and the FLSA Recruiters' primary duties were not management.

90. Addison knew the FLSA Recruiters' primary duties do not include exercising independent discretion or judgment with respect to matters of significance.

91. Addison knew the FLSA Recruiters primarily performed non-exempt work.

92. Nonetheless, Addison uniformly misclassified the FLSA Recruiters as exempt and refused to pay them overtime.

93. Addison's decision to misclassify Marconi and the FLSA Recruiters as exempt employees was neither reasonable, nor was the decision to misclassify these employees as exempt made in good faith.

94. Likewise, Addison's failure to pay Marconi and the FLSA Recruiters overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

95. Addison knew, should have known, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA.

96. Indeed, Addison did not investigate whether its recruiters were non-exempt under the FLSA.

97. And Addison failed to conduct a time study of how much work its recruiters performed which required independent judgment.

98. Instead, Addison willfully violated the FLSA with respect to Marconi and the FLSA Recruiters.

99. In fact, Addison has been sued previously by employees for failing to pay overtime wages, including for misclassifying its Recruiters as exempt and paying them under the same illegal salary with no overtime pay scheme. *See Vanderheyden, et al. v. APFS, LLC*, No. 1:21-CV-02242 (N.D. Ill.).

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA RECRUITERS)

100. Marconi incorporates all other paragraphs by reference.

101. Marconi brings her FLSA claim as a collective action on behalf of herself and the FLSA Recruiters.

102. Addison violated, and is violating, the FLSA by employing non-exempt employees (Marconi and the FLSA Recruiters) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

103. Addison's unlawful conduct harmed Marconi and the FLSA Recruiters by depriving them of the overtime wages they are owed.

104. Accordingly, Marconi and the FLSA Recruiters are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rate of pay, plus an equal amount as liquidated damages, as well as attorneys' fees and costs.

## COUNT II

### FAILURE TO PAY OVERTIME WAGES UNDER THE IMWL
### (ILLINOIS RECRUITERS)

105. Marconi incorporates all other paragraphs by reference.

106. Marconi brings her IMWL claim as a class action on behalf of herself and the Illinois Recruiters.

107. The conduct alleged violates the IMWL (820 ILCS 105/1, *et seq.*).

108. At all relevant times, Addison was an "employer" within the meaning of the IMWL.

109. At all relevant times, Addison employed Marconi and the Illinois Recruiters as covered "employees" within the meaning of the IMWL.

110. The IMWL requires employers, like Addison, to pay non-exempt employees, including Marconi and the Illinois Recruiters, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

111. Addison violated, and is violating, the IMWL by failing to pay non-exempt employees, including Marconi and the Illinois Recruiters, overtime wages at rates not less than 1.5 times their regular rates for all hours worked after 40 in a workweek. *See* 820 ILCS 105/4a.

112. Addison's unlawful conduct harmed Marconi and the Illinois Recruiters by depriving them of the overtime wages they are owed.

113. Accordingly, Marconi and the Illinois Recruiters are entitled to recover their unpaid overtime compensation owed from the 3 years prior to the filing of this Complaint, treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 105/12(a).

## JURY DEMAND

114. Marconi hereby demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Marconi, individually and on behalf of the Putative Class Members, respectfully requests that this Court grant the following relief:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Recruiters to permit them to join this action by filing a written notice of consent;

    b. An order certifying a Rule 23 class action on behalf of the Illinois Recruiters;

    c. An Order appointing Marconi and her counsel to represent the interests of the Illinois Recruiters;

- 13 -

    d.    An Order finding Addison liable to Marconi and the FLSA Recruiters for unpaid overtime owed under the FLSA, plus liquidated damages in an amount equal to their unpaid compensation;

    e.    An Order finding Addison liable to Marconi and the Illinois Recruiters for unpaid overtime wages owed under the IMWL, treble damages, as well as monthly statutory damages at the rate of 5% per month in the amount of the underpayment;

    f.    A judgment against Addison awarding Marconi and the Putative Members all their unpaid overtime compensation, liquidated damages, treble damages, monthly statutory damages, and any other penalties available under the FLSA and IMWL;

    g.    An order awarding attorney's fees, costs, and expenses;

    h.    Pre- and post-judgment interest at the highest applicable rates; and

    i.    Such other and further relief as may be necessary and appropriate.

                                                                                      Respectfully submitted,

Dated:    August 14, 2023               By: */s/ Maureen A. Salas*

                                                                                      Douglas M. Werman
                                                                                      Maureen A. Salas
                                                                                     **WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008 – Telephone
dwerman@flsalaw.com
msalas@flsalaw.com

Michael A. Josephson*
Andrew W. Dunlap*
Carl Fitz*
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

Richard J. (Rex) Burch*
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Pro hac vice application forthcoming*

**ATTORNEYS FOR MARCONI AND THE PUTATIVE CLASS MEMBERS**

- 14 -